IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-631-E-BN |
| SUNPATH, LTD., | § § § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER SETTING BRIEFING SCHEDULE</u>**

Plaintiff Lucas B. Horton filed this lawsuit *pro se* against Defendant SunPath, Ltd. in a Dallas County court, alleging violations of state law and of a federal statute, the Telephone Consumer Protection Act (TCPA). *See* Dkt. No. 1-3.

SunPath responded by simultaneously filing a Special Appearance arguing that the state court lacked jurisdiction over it and an Original Answer, Subject to Defendant's Special Appearance. *See* Dkt. No. 1-9; Dkt. No. 1-11. Horton responded to the personal jurisdiction arguments. *See* Dkt. No. 1-7; Dkt. No. 1-13. SunPath then removed Horton's state action to federal court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. *See* Dkt. No. 1.

United States District Judge Ada Brown referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court must accept a removed case "in its current posture 'as though everything done in state court had in fact been done in the federal court.'" *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (quoting *Savell v. S. Ry.*,

93 F.2d 377, 379 (5th Cir. 1937)).

"In state court, the filing of a special appearance challenging personal jurisdiction is generally treated like a motion to dismiss." *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2020 WL 4556145, at *1 (W.D. Tex. Apr. 21, 2020) (citing TEX. R. CIV. P. 120a; *Tabor, Chhabra & Gibbs, P.A. v. Med. Legal Evaluations, Inc.*, 237 S.W.3d 762, 769 (Tex. App. – Houston [1st Dist.] 2007, no pet.)). But "a 'special appearance' is a 'form of pleading abolished decades ago in the federal courts,'" so a defendant "wishing to challenge personal jurisdiction generally must do so through a motion for relief under Rule 12 of the Federal Rules of Civil Procedure." *Id.* (citation omitted; directing defendant to file a motion under Rule 12(b)(2) where no responsive pleading had been filed).

Because it answered prior to removal, SunPath may not now file a "technically" timely Rule 12(b)(2) motion to dismiss. *E.g.*, *Denari v. U.S. Dry Cleaning Servs. Corp.*, 2017 WL 2779051, at *3 (E.D. Cal. June 27, 2017) ("In pertinent part, Rule 12 provides that a 'motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.'" So "Rule 12(b) motions that are filed after the defendant's responsive pleading are 'technically untimely.'" (citations omitted)).

Even so, considering how SunPath asserted it personal jurisdiction defense in state court, that defense has not been waived. *See* FED. R. CIV. P. 12(h)(1)(B)(ii). And, consistent with Rule 12(h) and Rule 12(i), "many courts will hear a post-answer Rule 12(b) motion as long as no prior Rule 12(b) motion was filed and the particular 12(b) defense was asserted in the answer." *Denari*, 2017 WL 2779051, at *3 (collecting

cases); *see also Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 652-54 (W.D. Tex. 2011) (concluding that "[t]he defenses enumerated in Rule 12(b) are designed to allow a court to dispose of defective cases early, without having to consider the underlying merits," "sav[ing] resources for both courts and litigants," so "[t]he purpose of these defenses would be needlessly defeated if a defendant was not allowed to assert such defenses in a motion simply because the defendant asserted them first in an answer"); *Mold-A-Rama, Inc. v. Collector-Concierge-International*, 451 F. Supp. 3d 881, 884-87 (N.D. Ill. 2020) (cataloguing different procedural vehicles under which a court could consider a technically untimely Rule 12(b)(2) motion but "[u]ltimately … agree[ing] with the *Dell Marketing* approach and conclud[ing] that where a defendant has asserted a personal-jurisdiction defense in its answer and subsequently seeks dismissal on that basis, the Court must be able to decide such a motion under the Rule 12(b)(2) standard of review").

The undersigned finds that Rule 12(i) provides a straightforward means to address SunPath's personal jurisdiction defense under the posture of this proceeding: "If a party so moves, any defense listed in Rule 12(b)(1)-(7) – whether made in a pleading or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." FED. R. CIV. P. 12(i); *see* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. Apr. 2022 update) ("[F]ederal courts have allowed untimely [Rule 12(b)] motions if the defense has been previously included in the answer. In this context, the motion becomes tantamount to a motion for a pretrial hearing on the defense

under Rule 12(i)." (footnotes omitted)).

The Court will therefore allow SunPath to reassert by **April 3, 2023** the jurisdictional arguments it made in state court as a Rule 12(i) motion on the Rule 12(b)(2) defense of lack of personal jurisdiction. Horton must file a written response by **April 10, 2023**. And SunPath may file a reply by **April 17, 2023**.

The response must be accompanied by or incorporate a brief, and the response and the brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities. Any reply shall not exceed 15 pages in length. No supplemental pleadings, briefs, or evidence or other documents may be filed in connection with the motion to dismiss or response thereto without leave of court.

The Court establishes an accelerated schedule due to the parties' having briefed this issue prior to removal. And the Court will set this matter for an evidentiary hearing by separate order.

One factor supporting the Court's decision to conduct an evidentiary hearing on personal jurisdiction is that, two years ago, another judge of this Court dismissed a similar lawsuit filed by Horton against SunPath, granting SunPath's Rule 12(b)(2) motion. *See Horton v. SunPath, Ltd.*, No. 3:20-cv-1884-B-BH, 2021 WL 982344 (N.D Tex. Feb. 16, 2021), *rec. accepted*, 2021 WL 977065 (N.D. Tex. Mar. 15, 2021). So Horton must show why res judicata does not apply to the jurisdictional determination now before the Court.

> "Although a jurisdictional ruling is technically not an adjudication on the merits, '[i]t has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal.'" Therefore, "the dismissal of a complaint for lack of

       jurisdiction ... adjudicate[s] the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." [But d]ismissals for lack of jurisdiction do not "preclude a party from later litigating the same claim, provided that the specific defect has been corrected."

*New World Int'l, Inc. v. Ford Global Techs.*, No. 3:16-cv-1112-M, 2017 WL 1078525, at *3 (N.D. Tex. Mar. 22, 2017) (quoting *Comer v. Murphy Oil USC, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013), then *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 571 (5th Cir. 1996); citation omitted).

    And, because the Court will conduct an evidentiary hearing, Horton "must demonstrate personal jurisdiction over [SunPath] by a preponderance of the evidence." *NetKnowledge Techs., L.L.C. v. Baron Capital V, Inc.*, No. 3:02-cv-2406-M, 2003 WL 23201333, at *2 (N.D. Tex. July 24, 2003) ("'When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant.' If the Court 'rules on the motion without an evidentiary hearing, the plaintiff may satisfy its burden by presenting a *prima facie* case for jurisdiction.' If, however, the Court finds issues of credibility or disputed facts, the Court, in its discretion, may hold an evidentiary hearing. If the Court holds an evidentiary hearing, … plaintiff must then demonstrate by a preponderance of the evidence that the Court has personal jurisdiction over the defendant." (citations omitted)).

    SO ORDERED.

    DATED: March 27, 2023

                                                                     DAVID L. HORAN
                                                                     UNITED STATES MAGISTRATE JUDGE