**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LUCAS HORTON** | **§** | |
| | **§** | |
| **v.** | **§** | **CASE NO. 3:23-cv-631-E-BN** |
| | **§** | |
| **SUNPATH, LTD.** | **§** | |

**DEFENDANT SUNPATH, LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S PLEADING UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(6), AND 12(i)**

Defendant SunPath, Ltd. ("SunPath"), by and through undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Pleading under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(i), pursuant to this Court's Memorandum Opinion and Order Setting Briefing Schedule [Dkt. No. 4], and would show this Honorable Court as follows.

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

III. LEGAL STANDARDS ........ 5

IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ........ 7

A. Personal Jurisdiction is Lacking ........ 7

1. *This Court Lacks General Jurisdiction over SunPath* ........ 8

2. *This Court Lacks Specific Jurisdiction over SunPath* ........ 8

3. *Asserting Personal Jurisdiction over SunPath Does Not Comport with the Principles of Fair Play and Substantial Justice* ........ 10

B. Plaintiff Fails to State a Claim on Which Relief May be Granted ........ 11

V. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662, 677-678 (2009) .......... 6, 7, 12, 13

*Associated Gen. Contractors v. Cal. State Council of Carpenters*,
459 U.S. 519, 526 (1983) .......... 6

*Baum v. Blue Moon Ventures, LLC*,
513 F.3d 181 (5th Cir. 2008) .......... 1 n. 1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555 (2007) .......... 6, 7, 12, 13

*Born v. Celtic Mktg., LLC*,
8:19-cv-01950-JLS-ADS,
2020 WL 3883273 (C.D. Cal. May 20, 2020) .......... 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 475 (1985) .......... 9

*Clemens v. McNamee*,
615 F.3d 374, 378 (5th Cir. 2010) .......... 7

*Cunningham v. CBC Conglomerate LLC*,
359 F. Supp. 3d 471, 476 (E.D. Tex. 2019) .......... 5

*Daimler AG v. Bauman*,
571 U.S. 117, 137 (2014) .......... 8

*Dejoria v. Maghreb Petroleum Expl., S.A.*,
804 F.3d 373, 388 (5th Cir. 2015) .......... 10

*Dell Marketing, L.P. v. Incompass IT, Inc.*,
771 F.Supp.2d 648, 652-54 (W.D. Tex. 2011) .......... 3

*Dukes v. Lee*,
2021 WL 662020, No. 3:21-cv-305-K-BK (N.D. Tex. Feb. 17, 2021) .......... 1 n. 1

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 919 (2011) .......... 7

*Hargrove v. Underwriters at Lloyd's*,
937 F. Supp. 595, 606 (S.D. Tex. 1996) .......... 10

*Head v. Las Vegas Sands, LLC*,
760 F. App'x 281, 284 (5th Cir. 2019) ..... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408, 411-12, 418 (1984) ..... 8

*Horton v. National Republican Senatorial Committee*,
2023 WL 372066, No. 3:22-cv-01000-G-PK (N.D. Tex., Jan. 23, 2023) ..... 13

*Horton v. Tarrant County Hospital District d/b/a JPS Health Network*,
2022 WL 620950, No. 4:22-cv-00009-P (N.D. Tex., Mar 3, 2022) ..... 13

*Jones v. Greninger*,
188 F.3d 322, 327 (5th Cir. 1999) ..... 12 n. 2

*Lander v. Larocque*,
CIVIL ACTION NO. 4:18-CV-00811-ALM-CAN,
2019 WL 6718957 (E.D. Tex. Nov. 6, 2019) ..... 5

*Lewis v. Fresne*,
252 F.3d 352, 358 (5th Cir. 2001) ..... 7

*McFadin v. Gerber*,
587 F.3d 753, 759 (5th Cir. 2009) ..... 9

*Monkton Ins. Servs. v. Ritter*,
768 F.3d 429, 432 (5th Cir. 2014) ..... 8

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865, 869 (5th Cir. 2001) ..... 5

*Pervasive Software, Inc. v. Lexware GmbH & Co. KG*,
688 F.3d 214, 220 (5th Cir. 2012) ..... 7

*Reed v. Quicken Loans, Inc.*,
Case No. 3:18-cv-3377-K,
2019 WL 4545010 (N.D. Tex. Sept. 3, 2019) ..... 12

*Revell v. Lidov*,
317 F.3d 467, 470 (5th Cir. 2002) ..... 7

*Rodney Dewayne Ford v. Fitness International, LLC*,
Case No. 3:17-cv-1460-L-BT
2018 WL 4362606 (N.D. Tex. Aug. 15, 2018) ..... 13

*Sangha v. Navig8 Shipmanagement Private Ltd.*,
882 F.3d 96, 101 (5th Cir. 2018) .......... 7,8

*Sealed Appellant 1 v. Sealed Appellee 1*,
625 F. App'x 628, 631 (5th Cir. 2015) .......... 6

*Seiferth v. Helicopteros Atuneros, Inc.*,
472 F.3d 266, 271 (5th Cir. 2006) .......... 9

*Semiani v. United States*,
2017 WL 1395622, No. 3:17-cv-0080-L-BK (N.D. Tex., Apr. 19, 2017) .......... 1 n. 1

*Stroman Realty, Inc. v. Antt*,
528 F.3d 382, 385 (5th Cir. 2008) .......... 7

*United States ex rel. Adrian v. Regents of Univ. of Cal.*,
363 F.3d 398, 404 (5th Cir. 2014) .......... 12 n. 2

*Walden v. Fiore*,
571 U.S. 277, 284 (2014) .......... 10

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286, 292 (1980) .......... 10

**STATUTES AND RULES**

28 U.S.C. § 1651(a) .......... 1

47 U.S.C. 227 .......... 1 n. 1

FED. R. CIV. P. 8(a)(2) .......... 8

FED. R. CIV. P. 12(b)(2) .......... 2,9

FED. R. CIV. P. 12(b)(6) .......... 2, 6, 12, 13

FED. R. CIV. P. 12(i) .......... 2, 3

FED. R. EVID. 201 .......... 5

TEX. BUS. & COMM. CODE § 302.001(2) .......... 11

TEX. BUS. & COMM. CODE § 302.001(5) .......... 11

TEX. BUS. & COMM. CODE § 302.101 .......... 11

TEX. BUS. & COMM. CODE § 302.002 .......... 11

**OTHER SOURCES**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d. ed. Apr. 2022 update) .......... 3

## I. INTRODUCTION

Plaintiff, a serial litigator,[1] filed another one of his lawsuits against Sunpath on February 8, 2023 in Dallas County state county court under Cause No. CC-23-00737-A. *See* Dkt. No. 1-3 ("State Court Lawsuit"). The filing of the State Court Lawsuit came less than thirty days from the dismissal of his most recent lawsuit against SunPath in this Division, under Case No. 3:22-cv-02130-N-BT, which occurred on January 13, 2013. *See* Appendix, p. 2. In the State Court Lawsuit, Plaintiff alleged that he received at least thirteen calls, if not more, between August 2019 and March 2022 ("Subject Calls"), in violation of the federal Telephone Consumer Protection Act (codified at 47 U.S.C. § 227, *et seq.*) ("TCPA") and Chapters 302 and 305 of the Texas Business and Commerce Code ("TBCC"). *See* Dkt. No. 1-3. He seeks recovery of at least $5,000.00 for each call, plus attorneys' fees, witness fees, deposition expenses, investigation costs, and costs. *See id*.

SunPath is a Delaware corporation engaged in selling and administering extended automotive service agreements, with its principal offices in Braintree, Massachusetts. *See* Dkt. No. 1-9, pp. 21-22.

Regardless of the merits of Plaintiff's claims that the Subject Calls were unlawful, SunPath was not involved with the Subject Calls at issue. SunPath does not make *any*

[1] A "serial litigator" has been characterized as someone who files numerous lawsuits (oftentimes in the same venue) and whose current and prior claims tend to resemble each other in assertions of fact or legal theories. *Semiani v. United States*, 2017 WL 1395622, No. 3:17-cv-0080-L-BK; (N.D. Tex. Apr. 19, 2017); *Dukes v. Lee*, 2021 WL 662020, No. 3:21-cv-305-K-BK (N.D. Tex. Feb. 17, 2021). SunPath reserves its right to request this Court to exercise its power under 28 U.S.C. § 1651(a) to identify Plaintiff as a vexatious litigant and enjoin Plaintiff from harassing SunPath with his multiple suits. Federal courts have the inherent authority and constitutional power to regulate their dockets. In that context, courts need to make determinations of (a) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (b) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (c) the extent of the burden on the courts and other parties resulting from the party's filings; and (d) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008).

outgoing marketing calls to consumers, nor did it make the Subject Calls to Plaintiff. *See* Dkt. No. 1-9, pp. 21-22. Additionally, SunPath did not direct, control or authorize any party to make the Subject Calls to Plaintiff. *See* Dkt. No. 1-9, pp. 21-22.

No basis exists for this Court to assert personal jurisdiction over SunPath in this matter. SunPath lacks the ties to Texas that are necessary to support this Court's exercise of personal jurisdiction over SunPath. When connected to his history as a repeat litigant and his lawsuits against SunPath which have ended in dismissal, a pattern of frivolous actions on part of Plaintiff becomes apparent. In light of all of this, and because no basis exists for this Court to assert personal jurisdiction over SunPath, it is appropriate for this Court to dismiss Plaintiff's claim with prejudice pursuant to Rule 12(b)(2).

Further, since Plaintiff's pleading in the State Court Lawsuit fails to state a claim under the federal standards, Plaintiff's claim should be dismissed with prejudice pursuant to Rule 12(b)(6) and SunPath requests this Court consider that basis for dismissal under Rule 12(i). To the extent leave is required, SunPath makes that request, to maximize judicial efficiency.

## II. STATEMENT OF FACTS

On or about February 8, 2023, Plaintiff filed a complaint against SunPath in the State Court Lawsuit seeking damages for the Subject Calls, in violation of federal and state statutes. *See* Dkt. No. 1-9. He seeks recovery of at least $5,000.00 for each call, plus attorneys' fees, witness fees, deposition expenses, investigation costs, and costs. *See id*.

Because SunPath is not subject to personal jurisdiction in Texas, SunPath filed a Special Appearance on March 13, 2023, and an Original Answer subject thereto. *See* Dkt. No. 1-9, 1-11. While state court practice does not recognize a Motion to Dismiss for failure to state a claim upon which relief can be granted, SunPath asserted that specific argument in

its Original Answer (*see* Dkt. No. 1-11, ¶ 2) and now makes such arguments in this present filing, pursuant to Rule 12(i). *See also Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 652-54 (W.D. Tex. 2011) (concluding that "[t]he defenses enumerated in Rule 12(b) are designed to allow a court to dispose of defective cases early, without having to consider the underlying merits," "sav[ing] resources for both courts and litigants," so "[t]he purpose of these defenses would be needlessly defeated if a defendant was not allowed to assert such defenses in a motion simply because the defendant asserted them first in an answer"); see 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. Apr. 2022 update) ("[F]ederal courts have allowed untimely [Rule 12(b)] motions if the defense has been previously included in the answer. In this context, the motion becomes tantamount to a motion for a pretrial hearing on the defense under Rule 12(i)." (footnotes omitted)).

SunPath is a Delaware corporation engaged in administering extended automotive service agreements, with its principal offices in Braintree, Massachusetts. *See* Dkt. No. 1-9, pp. 21-22.

Regardless of the merits of Plaintiff's claims that the Subject Calls were unlawful under the TCPA or TBCC, SunPath was not involved with the Subject Calls at issue. SunPath does not make *any* outgoing marketing calls to consumers, nor did it make the Subject Calls to Plaintiff. Additionally, SunPath did not direct, control or authorize any party to make the Subject Calls to Plaintiff. *See* Dkt. 1-9, pp. 21-22.

As the following timeline from PACER establishes, Plaintiff's serial litigation against defendants generally and SunPath specifically result in substantive dismissals against his claims:

June 19, 2020: Plaintiff sued Rewardzone USA, LLC for TCPA violations in Dallas County Justice Court, under Cause No. JS20-00149-D, which was appealed to Dallas County Court at Law Number Two, under Cause No. CC-21-04533-B, which was ultimately dismissed against Plaintiff via summary judgment on or about July 14, 2022 (*see* Appendix, p. 3);

June 22, 2020: Plaintiff sued SunPath for TCPA violations in Dallas County Justice Court, under Cause No. JS20-00184-D, which was removed to the Northern District of Texas, under Case No. 3:20-cv-01884, and was dismissed on or about March 15, 2021, with costs taxed against Plaintiff (*see* Appendix, pp. 4-5);

November 10, 2020: Plaintiff sued Northcoast Warranty Services, Inc. for TCPA violations in Dallas County Justice Court, under Cause No. JS20-00324-D, which was removed to the Northern District of Texas, under Case No. 3:20-cv-03626, and was dismissed on or about May 10, 2021, with costs taxed against Plaintiff (*see* Appendix, pp. 6-7);

November 10, 2020: Plaintiff sued Palmer Administrative Services, Inc. for TCPA violations in Dallas County Justice Court, under Cause No. JS20-00322-D, which was removed to the Northern District of Texas, under Case No. 3:20-cv-03526, and was dismissed with prejudice on or about June 15, 2021 (*see* Appendix, p. 8);

November 10, 2020: Plaintiff sued Med-Sense Guaranteed Association for TCPA violations in Dallas County Justice Court, under Cause No. JS20-00320-D, which was removed to the Northern District of Texas, under Case No. 3:20-cv-03470, and was dismissed with prejudice on or about June 15, 2021 (*see* Appendix, p. 9);

November 19, 2021: Plaintiff sued Tarrant County Hospital District d/b/a JPS Health Network for TCPA violations in Dallas County Justice Court, under Cause No. JS21-00379-D, which was removed to the Northern District of Texas, under Case No. 4:22-cv-00009-P, and was dismissed for failure to state a claim, on or about March 3, 2022 (*see* Appendix, pp. 10-14); and

April 6, 2022: Plaintiff sued National Republican Senatorial Committee for TCPA and TBCC violations in Dallas County Justice Court, under Cause No. JS22-00133-D, which was removed to the Northern District of Texas, under Case No. 3:22-cv-01000-G-PK, and was dismissed for failure to state a claim, on or about January 23, 2023 (*see* Appendix, pp. 15-30).

Further, a printout of Plaintiff's litigation activity in the Justice Court of Dallas County reveals sixty-two lawsuits filed by him between January 16, 2020 and April 6, 2022. *See* Appendix, pp. 30-50. PACER shows that Plaintiff has filed twenty-seven lawsuits (including this one) in federal court in this District between July 16, 2020 and March 22, 2023. *See* Appendix, pp. 53-54.

Pursuant to Federal Rule of Evidence 201, SunPath requests that this Court take judicial notice of the foregoing facts.

## III. LEGAL STANDARDS

It is well established that "[a]fter a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists." *Cunningham v. CBC Conglomerate LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019). To satisfy this burden, a plaintiff must "'present sufficient facts to make out only a *prima facie* case supporting jurisdiction,' if [the] court rules on [the] motion without an evidentiary hearing." *Id.* A plaintiff's allegations are "taken as true except to the extent that they are contradicted by defendant's affidavits." *Id.*

However, "a court is not required to credit conclusory allegations even if they are uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, a plaintiff may not rest on conclusory allegations but must allege facts which connect a defendant's actions to the forum state. *See Lander v. Larocque*, CIVIL ACTION NO. 4:18-CV-00811-ALM-CAN, 2019 WL 6718957 (E.D. Tex. Nov. 6, 2019) (explaining that a plaintiff cannot meet his burden unless he provides facts connecting defendant's actions to the forum). If the defendant's affidavits directly contradict the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[] ha[s] established a prima facie

case of personal jurisdiction through *nonconclusory* allegations supported by *admissible* evidence." *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). This standard demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]". *Twombly*, 550 U.S. at 555 (internal citations omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Courts may not assume that "the [plaintiff] can prove facts that [he] has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between

possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

## IV. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

### A. Personal Jurisdiction is Lacking

A district court may exercise personal jurisdiction over a nonresident defendant if: "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Because Texas' long-arm statute extends to the limits of due process, the "inquiry is limited to whether exercising personal jurisdiction over the defendant offends due process." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012); *Clemens*, 615 F.3d at 378; *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008)). Under this standard, the relevant inquiry is whether the defendant "purposefully availed [it]self of the benefits and protections of the forum state by establishing minimum contacts with the forum state" and whether the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

Minimum contacts can give rise to either specific jurisdiction or general jurisdiction. *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). General jurisdiction may be exercised over a defendant only "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction, on the other hand,

is appropriate "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Head v. Las Vegas Sands, LLC*, 760 F. App'x 281, 284 (5th Cir. 2019) (quoting *Sangha*, 882 F.3d at 101).

### *1. This Court Lacks General Jurisdiction over SunPath.*

SunPath is not "at home" in Texas to permit this Court to exercise general jurisdiction over it. In order for a court to exercise general jurisdiction over a defendant, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Sangha*, 882 F.3d at 101 (quoting *Goodyear*, 564 U.S. at 919). "[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are thus paradigm bases for jurisdiction." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.* (citing *Daimler AG*, 571 U.S. at 137; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-12, 418 (1984)).

As previously noted, SunPath is incorporated in Delaware, and has its principal place of business in Braintree, Massachusetts. *See* Dkt. No. 1-9, pp. 21-22, ¶ 2). SunPath does not have any contact with Texas that would be considered continuous and systematic. *See* Dkt. No. 1-9, pp. 21-22, ¶¶ 3-6). Therefore, this Court cannot exercise general jurisdiction over SunPath.

### *2. This Court Lacks Specific Jurisdiction over SunPath.*

SunPath does not have ties to this matter that warrant an assertion of specific jurisdiction. Specific jurisdiction over a non-resident defendant exists where: (a) the

defendant has minimum contacts with the forum state, meaning it has "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;" (b) the plaintiff's claim "arises out of or results from" the defendant's forum-related contacts; and (c) the exercise of personal jurisdiction is "fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)). "Plaintiffs bear the burden of satisfying the first two prongs above and, only if they are successful does the burden shift to the defendant to show that exercising jurisdiction would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

The first two prongs of the test for specific jurisdiction simply cannot be met here, SunPath has no connection to the Subject Calls and thus is not "availing themselves of the benefits of a forum state." SunPath is a third-party administrator of extended vehicle service contracts. *See* Dkt. No. 1-9, pp. 21-22, ¶ 9. SunPath does not engage in outbound telemarketing itself and did not initiate any calls to Plaintiff. *Id.* ¶ 5. Further, SunPath did not direct, oversee, or manage any third party in initiating the Subject Calls to Plaintiff. *Id.* ¶ 6. Plaintiff provides no facts to plausibly support his allegations he received phone calls which violated the TCPA or TBCC, or that any phone calls he received were initiated by agents of SunPath. His allegations of agency or other vicarious liabilities are insufficient and are directly rebutted by sworn declaration testimony.

In a similar case involving the TCPA, a District Court in California held that it lacked personal jurisdiction—both general and specific—over SunPath. *See Born v. Celtic Mktg., LLC*, 8:19-cv-01950-JLS-ADS, 2020 WL 3883273 (C.D. Cal. May 20, 2020). Specifically, the court granted SunPath's motion to dismiss under Rule 12(b)(2), supported by similar declarations from Mr. Garcia, after a finding that the plaintiff "failed to show that Sun[P]ath [] exercise[d]

any control over [the phone calls at issue].” *Id.* at *13. However, unlike in *Born*, Plaintiff here makes no meaningful allegations whatsoever to demonstrate SunPath’s connection with Texas, and even if he did, it would not satisfy his burden to establish specific jurisdiction over SunPath. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (“the relationship [between the defendants and the forum] must arise out of contacts that the ‘defendant *himself*’ creates with the forum State.” (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). Plaintiff has not—because he cannot—alleged any actions that SunPath directed to Texas in connection with the Subject Calls, either its own action or that of any unidentified purported agent. Therefore, this Court has no specific jurisdiction over SunPath, and, as such, his live pleading should be dismissed with prejudice. No amendment of pleadings by Plaintiff should be permitted due to his relative sophistication with federal court practice.

***3. Asserting Personal Jurisdiction over SunPath Does Not Comport with the Principles of Fair Play and Substantial Justice.***

Only when the Court finds that minimum contacts with the forum state exist does it need to determine whether the exercise of personal jurisdiction over SunPath would comply with the traditional notions of fair play and substantial justice. *Dejoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 388 (5th Cir. 2015). To comply with the notions of fair play and substantial justice, “[t]he relationship between the defendant and the forum state must be such that it is reasonable to require the [company] to defend the particular suit.” *Hargrove v. Underwriters at Lloyd's*, 937 F. Supp. 595, 606 (S.D. Tex. 1996) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

For the reasons noted above, without the existence of a relationship between SunPath and Texas, there is nothing to make this Court’s exercise of personal jurisdiction reasonable.

In fact, it is inherently unreasonable to require SunPath to travel to Texas to defend itself when there is no evidence supporting its involvement with the Subject Calls. In addition, for the independent reasons justifying dismissal of this case set forth herein, the notions of fair play and substantial justice do not support a finding of personal jurisdiction over SunPath.

### B. Plaintiff Fails to State a Claim on Which Relief Can be Granted

Plaintiff's live pleading also be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

Plaintiff's allegations rest upon the TCPA and the TBCC. Specifically, Plaintiff claims that SunPath's actions violated the TCPA, but does not provide any specificity to those claims. *See* Dkt. No. 1-3, ¶¶ 14 ("SunPath is still liable for calls that violate the TCPA"), 17-18 (general citations to the Federal Communications Commission regulations and to Sections 227(b) and 227(c) of the TCPA), 20-22 (general citations to the Federal Communications Commission rulings), 36 ("the Defendant ignores the TCPA as well" and "[i]t is also the TCPA [which SunPath ignores]"). Plaintiff claims that SunPath violated Section 302.101 of the TBCC, which requires "seller[s] . . . mak[ing] a telephone solicitation" to have a registration certificate. *See* Dkt. No. 1-3, ¶ 15. "Seller" is defined as a "person who makes a telephone solicitation on the person's own behalf." TEX. BUS. & COMM. CODE § 302.001(5). Making a telephone solicitation requires the person to "effect[] or attempt[] to effect a telephone solicitation, including a solicitation initiated by an automatic dialing machine or a recorded message device." TEX. BUS. & COMM. CODE § 302.002. Plaintiff alleges SunPath is either the "owner" or the "seller" of the Subject Calls under Section 302.001 of the TBCC. TEX. BUS. & COMM. CODE § 302.001(2); Dkt. No. 1-3, ¶ 24.

Plaintiff's live pleading fails to allege any plausible facts to comply with *Twombly* and *Iqbal*'s pleading requirements that SunPath made, effectuated, or attempted to effectuate any telephone solicitations on its own behalf or that SunPath is entitled to at least ten percent of income generated by such calls Plaintiff alleges to have received. It is clearly devoid of any sufficiently specific factual allegations regarding the manner in which SunPath made, effectuated, or attempted to effectuate any calls to Plaintiff, either directly or indirectly. It lacks any specific and non-conclusory claims on whether the calls received were unconsented to, whether the calls were placed using an automatic telephone dialing system, or even whether the calls were placed to his cell phone. Thus, Plaintiff's purported claim of direct or vicarious liability is facially implausible. Even under a liberal reading, Plaintiff's pleading cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Twombly* and *Iqbal*. As such, Plaintiff's claims should be dismissed as they were insufficiently pleaded.[2]

Analogous cases involving the federal statute are instructive. Sister district courts in the Northern District have used Rule 12(b)(6) to dismiss previous complaints filed under the federal statute which contained more plausible allegations than here. *See Reed v. Quicken Loans, Inc.*, No. 3:18-cv-3377-K, 2019 WL 4545010 (N.D. Tex. Sept. 3, 2019); *Rodney Dewayne*

---

[2] Additionally, allowing Plaintiff to cure any of his fatal deficiencies via an amendment would be futile and nevertheless still fail to establish general personal jurisdiction or specific personal jurisdiction. Plaintiff would be unable to substantiate any assertion that an agency relationship existed between SunPath and some unnamed called party because, as Mr. Garcia testifies, SunPath did not authorize, direct, oversee, or manage any party in initiating the calls at issue to the Plaintiff. *See generally* Dkt. 1-9, pp. 21-22, ¶ 6. Therefore, any request to further amend the pleadings should be denied as futile because no theory of direct or vicarious liability against SunPath could prevail. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (finding when "a claim is frivolous or the 'complaint alleges the plaintiff's best case,' a further factual statement from the plaintiff need not be allowed."). Finally, as a serial litigant in this field in both federal and state court, and as someone who has dealt with multiple Motions to Dismiss, Plaintiff is not entitled to multiple "bites of the apple" to get his pleading compliant with federal practice. *See United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004).

*Ford v. Fitness International, LLC*, No. 3:17-cv-1460-L-BT, 2018 WL 4362606 (N.D. Tex. Aug. 15, 2018).

Even more, Plaintiff himself has had two cases dismissed for failure to state claims under Rule 12(b)(6): *Horton v. Tarrant County Hospital District d/b/a JPS Health Network*, 2022 WL 620950, No. 4:22-cv-00009-P (N.D. Tex. Mar. 3, 2022); *Horton v. National Republican Senatorial Committee*, 2023 WL 372066; No. 3:22-cv-01000-G-PK (N.D. Tex. Jan. 23, 2023).

Plaintiff attempted to evade this Court's subject matter jurisdiction by alleging state statute violations. However, his pleading in the State Court Lawsuit alleges violations of the federal statute (invoking federal question jurisdiction) and damages in excess of $75,000 (invoking diversity jurisdiction). Thus, the same principles from *Twombly* and *Iqbal* must apply to his claims as they would in the other cases. The live pleading is wholly inadequate to comply with those standards and, as a result, it should be dismissed in its entirety. No further amendment of pleadings by Plaintiff should be permitted.

## V. CONCLUSION

For the reasons set forth above, Defendant SunPath respectfully moves this Court to enter an Order dismissing Plaintiff Lucas Horton's lawsuit (a) due to lack of personal jurisdiction, and (b) due to failure to state a claim upon which relief can be granted, and for such further relief as this Court may allow.

Respectfully submitted,

By: */s/Jason Wagner*
Jason Wagner
State Bar No. 00795704
Federal Bar No. 20325
jwagner@jwagnerlaw.com
Two North Main Street
Kingwood, Texas 77339
Telephone: (713) 554-8450
Facsimile: (713) 554-8451
service@jwagnerlaw.com

ATTORNEYS FOR DEFENDANT

OF COUNSEL:

**WAGNER LAW, PLLC**
Two North Main Street
Kingwood, Texas 77339
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendant SunPath, Ltd.'s Memorandum in Support of its Motion to Dismiss Plaintiff's Pleading under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(i)** was served, pursuant to Federal Rule of Civil Procedure 5, via ECF filing, on this the 3rd day of April, 2023, to:

Lucas Horton
1202 Stratford Drive
Richardson, Texas 75080
(*Plaintiff Pro Se*)

*/s/Jason Wagner*
Jason Wagner