IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-631-E-BN |
| | § | |
| SUNPATH, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
JURISDICTIONAL DISCOVERY**

Plaintiff Lucas B. Horton filed this lawsuit *pro se* against Defendant SunPath, Ltd. in a Dallas County court, alleging violations of state law and of a federal statute, the Telephone Consumer Protection Act (the TCPA). *See* Dkt. No. 1-3.

SunPath responded by simultaneously filing a Special Appearance arguing that the state court lacked jurisdiction over it and an Original Answer, Subject to Defendant's Special Appearance. *See* Dkt. No. 1-9; Dkt. No. 1-11. And Horton responded to the personal jurisdiction arguments. *See* Dkt. No. 1-7; Dkt. No. 1-13.

SunPath then removed Horton's action to federal court. *See* Dkt. No. 1. And United States District Judge Ada Brown referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

To address the personal jurisdiction defense raised in state court prior to removal, the Court ordered SunPath to reassert that defense in a motion under Federal Rule of Civil Procedure 12(i) to allow the Court to consider it under the

standards of Federal Rule of Civil Procedure 12(b)(2) after briefing by the parties and an evidentiary hearing. *See Horton v. SunPath, Ltd.*, No. 3:23-cv-631-E-BN, 2023 WL 2653386 (N.D. Tex. Mar. 27, 2023) [Dkt. No. 4].

SunPath filed its motion. *See* Dkt. Nos. 7, 8. Horton responded. *See* Dkt. No. 9. SunPath replied. *See* Dkt. No. 10. And the Court held a hearing on June 1, 2023. *See* Dkt. Nos. 11-14.

As discussed at the hearing, throughout his response, Horton asserts a need for jurisdictional discovery, specifically documentation to establish the relationship (if any) between the entities calling him in Texas and SunPath.

Horton cites, as an example, a decision from this district, *Cano v. Assured Auto Group*, No. 3:20-cv-3501-G, 2021 WL 3036933 (N.D. Tex. July 19, 2021), in which, although "neither party [had] asked the court to do so," the court ordered limited jurisdictional discovery, following the lead of *Callier v. SunPath, Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659 (W.D. Tex. Aug. 10, 2020), and concluded that authorizing such discovery "appears prudent since it is reversible error not to allow jurisdictional discovery where 'there was a question as to whether jurisdiction could be established over a non-resident corporation through the employment of another as agent,'" *Cano*, 2021 WL 3036933, at *10 (cleaned up; quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (citing, in turn, *Davis v. Asano Bussan Co.*, 212 F.2d 558, 564-65 (5th Cir. 1954))); *see also id.* at *9 (The FCC "has endorsed vicarious liability of principals for violations of the TCPA by their agents." (citing *In re Dish Network, LLC*, 28 F.C.C. Record 6574, 6574 (2013))).

Federal courts "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove our jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (quoting *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 798 (N.D. Tex. 2010)), *cert. denied*, 143 S. Ct. 485 (2022).

"But '[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022) (per curiam) (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); citing *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020) (per curiam)).

And multiple federal courts, including district courts in this circuit, "have ruled on jurisdictional discovery requests first raised in response to a motion to dismiss." *Id.* (collecting cases).

However raised, the key consideration remains "whether the requesting party has made specific allegations that the evidence it seeks is likely to support a finding of jurisdiction." *Id.* at *6 (citations omitted); *compare, e.g.*, *Cano*, 2021 WL 3036933, at *9-*10 (concerning the possibility of establishing personal jurisdiction through agency), *with Johnson*, 21 F.4th at 326 ("Johnson has not met his burden. He has not alleged specific facts that discovery will prove. Instead, he says that discovery would determine 'the extent' of the activities that we already have said cannot support

jurisdiction. We see no reason to confirm Johnson's allegations with discovery when they cannot sustain our power as a matter of law." (citation omitted)).

Considering these standards and Horton's response, the Court GRANTS his construed motion for jurisdictional discovery to obtain through appropriate Federal Rule of Civil Procedure 34 requests any agreements between SunPath and the entities calling Horton in Texas.

Insofar as SunPath may seek a protective order under Federal Rule of Civil Procedure 26(c) concerning any such agreements, the parties should meaningfully meet and confer prior to SunPath's moving for a protective order. And, to the extent that SunPath will ask the Court to seal any such agreements, such a request will be summarily denied unless it complies with controlling authority in this circuit. *See, e.g.*, *Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022).

SO ORDERED.

DATED: June 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE