IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-631-E-BN |
| SUNPATH, LTD., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER MODIFYING AGREED
PROTECTIVE ORDER, DENYING REQUEST FOR SANCTIONS,
AND REQUIRING SUBMISSION(S) ON SEALING**

Plaintiff Lucas B. Horton filed this lawsuit *pro se* against Defendant SunPath, Ltd. in a Dallas County state court, alleging violations of state law and of a federal statute, the Telephone Consumer Protection Act. *See* Dkt. No. 1-3.

After SunPath removed Horton's action to federal court, *see* Dkt. No. 1, United States District Judge Ada Brown referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And pending before the Court is SunPath's motion under Federal Rule of Civil Procedure 12(i) to allow the Court to consider its personal jurisdiction defense under the standards of Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. Nos. 7-10.

To further the disposition of this motion, the Court granted Horton leave to conduct jurisdictional discovery to obtain, through appropriate Federal Rule of Civil Procedure 34 requests, any agreements between SunPath and the entities calling him in Texas. *See* Dkt. Nos. 11-16.

After the parties filed a court-ordered joint status report concerning this discovery, *see* Dkt. Nos. 18 & 19, the Court ordered the parties to supplement their briefing considering the discovery produced, *see* Dkt. No. 24. And, contemplating that aspects of this discovery could be considered confidential, the Court in ordering the parties to supplement, required that, "if materials are to be filed under seal, all requests to seal must comply with the August 15, 2023 Standing Order on Filing Materials Under Seal [Dkt. No. 20]" (the Standing Order). Dkt. No. 24 at 2.

While Horton did not comply with the terms of the Standing Order, he did file his supplement under seal. *See* Dkt. No. 25. And the Court confirmed with the Clerk of Court that this supplement was filed electronic filing through the Court's electronic case filing (ECF) system using the Sealed event and has remained under seal.

In its supplement, SunPath asserts that, because Horton violated the terms of the parties' Agreed Protective Order, the Court should, as a sanction, prohibit Horton "from supporting his claims or from opposing SunPath's defenses relative to personal jurisdiction":

> As an initial matter, and contrary to this Court's August 25, 2023 Order, Plaintiff violated the Agreed Protective Order [ECF 21], the terms of which he agreed to, acknowledged, and indicated he would follow. ECF 22. Notwithstanding that all three contracts produced in this case were marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," Plaintiff filed them via ECF, which opens them to public view, and failed to comply with Section VII of the Agreed Protective Order….
> Rather than file and submit the three contracts in a sealed envelope to the Court, as required by the Agreed Protective Order, Plaintiff ignored its clear terms and dumped them into the public view, in direct contradiction to the provisions of the Order issued by this Court and agreed to by Plaintiff.
> Pursuant to Section X of the Agreed Protective Order, SunPath

seeks the imposition of sanctions against Plaintiff. Federal Rule of Civil Procedure 37(b)(2)(A)(ii) authorizes this Court to sanction Plaintiff by prohibiting him from supporting his claims or from opposing SunPath's defenses relative to personal jurisdiction.

Dkt. No. 26 at 1-2.

The Court signed the parties' Agreed Protective Order, which provides:

### VII. Filing Documents with the Court

16. If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
*Lucas Horton v. Sun Path, LTD.;* **Civil Action No. 3:23-cv-631-E-BN; United States District Court for the Northern District of Texas, Dallas Division**
This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

17. If the parties desire for the documents to be filed under seal, they must comply with the Court's Standing Order on Filing Materials Under Seal, which the Court shall issue by separate order today.

Dkt. No. 21 at 8.

The Court has reconsidered Paragraph 16. The Northern District of Texas Local Civil Rules express the Court's preference for electronic filings: "Unless the presiding judge otherwise directs, an attorney – other than a prisoner pro se party – must file any pleading (except a complaint), motion, or other paper by electronic means, subject to the restrictions and requirements of the ECF Administrative Procedures Manual. A party may, for cause, move to be excused from the requirement of electronic filing." N.D. TEX. L. CIV. R. 5.1(e). At some point before electronic filing through the ECF system was the Court's standard – at a time when more materials were filed as paper copies – confidentiality-based protective orders required

submitting materials with confidential designation to be submitted in sealed envelopes.

That time has passed. Sealed materials are not filed as paper copies in sealed envelopes these days. Reflecting this new reality, the Model Protective Order in the Northern District of Texas Miscellaneous Order No. 62, governing patent cases (and so not otherwise applicable here), does not provide for this sealed envelope approach but instead states: "13. If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the Court, the submission must be filed using the Sealed and/or Ex Parte Motion event. The word 'Sealed' must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge)." N.D. TEX. MISC. ORD. NO. 62, App. A at 6.

Federal Rule of Civil Procedure 54(b) provides that a court may revise interlocutory orders at any time before the entry of judgment. *See* FED. R. CIV. P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

The Agreed Protective Order needs revising. The Court now MODIFIES Paragraph 16 of that order to provide:

> 16. If any party wishes to submit Confidential Information to the court, the submission of that material must be filed using the Sealed

and/or Ex Parte Motion event and in compliance with all the requirements of the Standing Order on Filing Materials Under Seal [Dkt. No. 20].

And, even if Horton violated the Agreed Protective Order's then-requirement to use sealed envelopes, Horton's not using this procedure did not "dump[]" contracts that SunPath produced in discovery under a protective order "into the public view." Dkt. No. 26 at 2. As stated above, Horton filed his supplement under seal, and it has remained under seal. So the Court finds no basis to impose the sanction requested by SunPath.

Although Horton did not file SunPath's contracts in the public record, they are no longer just discovery material. That is, Horton has shown his intent to rely on the contracts to oppose SunPath's personal jurisdiction defense. So, to the extent that the Court must rule on that defense, those contracts will become judicial records insofar as "discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access]." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 n.31 (5th Cir. 2021) (citation omitted); *see also* Standing Order, Dkt. No. 20 at 4-5 ("The parties may agree between themselves – and ask the Court for a protective order under Federal Rule of Civil Procedure 26(c) to allow them – to designate documents as 'confidential' during discovery based on a 'good cause' standard. The typical standard there involves the parties assessing whether they want that material in the public domain. But filing that material with the Court under seal is a different matter." (footnotes omitted)).

Accordingly, Horton's supplement as filed [Dkt. No. 25] may not remain under seal on the record now before the Court.

And, as to all aspects of that supplement that either party believes must remain under seal considering the "far more arduous" "standard for shielding records from public view," *Le*, 990 F.3d at 420, "the parties [must, by **October 11, 2023**,] either prepare a joint motion for leave to [keep] documents under seal or make separate filings in support of [keeping them] under seal – and, under either option, [SunPath] should verify the facts in a section on justification," Dkt. No. 20 at 7-8 (footnote omitted).

The join motion or separate filings must also strictly adhere to all requirements set out in the Standard Order on Filing Materials Under Seal [Dkt. No. 20]. *See also Horton v. SunPath, Ltd.*, No. 3:23-cv-631-E-BN, 2023 WL 3807043, at *2 (N.D. Tex. June 1, 2023) (cautioning the litigants that "a request [to seal] will be summarily denied unless it complies with controlling authority in this circuit" (citing *Le*, 990 F.3d 410; *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022))).

SO ORDERED.

DATED: September 19, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE