IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-631-E-BN |
| | § | |
| SUNPATH, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DIRECTING THE
<u>CLERK OF COURT TO VACATE ENTRY OF DEFAULT</u>**

Plaintiff Lucas B. Horton filed this lawsuit *pro se* against Defendant SunPath, Ltd. in a state court in Dallas County, Texas, alleging violations of state law and a federal statute, the Telephone Consumer Protection Act. *See* Dkt. No. 1-3.

SunPath responded by simultaneously filing a Special Appearance, arguing that the state court lacked jurisdiction over it, and an Original Answer, Subject to Defendant's Special Appearance. *See* Dkt. No. 1-9; Dkt. No. 1-11. Horton replied to the personal jurisdiction arguments. *See* Dkt. No. 1-7; Dkt. No. 1-13. SunPath then removed Horton's state action to federal court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. *See* Dkt. No. 1.

United States District Judge Ada Brown referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court recently denied SunPath's motion to dismiss based on lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2) and 12(i). *See*

Dkt. Nos. 29 & 30.

The Court then granted the unopposed supplemented motion by SunPath's counsel to withdraw. *See* Dkt. Nos. 33-36. Through its order, the Court also explained that,

> despite SunPath's cessation of business operations, it remains a defendant in this lawsuit.
>
> And, as a Delaware corporation, *see* Dkt. No. 35-1, it is "a fictional legal person" and may "only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").
>
> The Court therefore ORDERS SunPath to retain new counsel and direct their counsel to enter an appearance on the record by **February 23, 2024**.
>
> Should SunPath fail to timely do so, as ordered, it will risk being in default. That is, while "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), when a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant, *see Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel).
>
> Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore

in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Dkt. No. 36 at 2-3.

Based on this order, Horton moved for default against SunPath under Federal Rule of Civil Procedure 55(a). *See* Dkt. No. 37. And the Clerk of Court entered default the next day. *See* Dkt. No. 38.

This default must be vacated.

As the order sets out, SunPath's failure to retain new counsel and direct that counsel to appear in this case "will risk [it] being in default." Dkt. No. 36 at 2. The Court's order did not authorize Horton to obtain default based on SunPath's failure to do so or its failure to follow the order.

And, while "[a]n entity's failure to appoint counsel is akin to a failure to prosecute under Federal Rule of Civil Procedure 41(b) or a failure to 'otherwise defend' under Rule 55(a)," *MHD-Rockland Inc. v. Aerospace Distrib. Inc.*, 102 F. Supp. 3d 734, 737 (D. Md. 2015) (citations omitted), considering SunPath's substantial efforts to defend this lawsuit prior to the Court's allowing its counsel to withdraw, there is no other basis to enter default against SunPath.

Add to this one other concern. The Court's review of the docket reflects the possibility that SunPath did not receive the order in question where it does not appear that the Clerk updated the docket to reflect the contact information for SunPath set out in the motion to withdraw. *Cf. Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir.

2022) ("A defendant cannot default if he had no duty to answer the suit – and he need not answer until 'service has been perfected.'" (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008))).

For these reasons, the Clerk of Court is DIRECTED to VACATE the entry of default [Dkt. No. 38].

SO ORDERED.

DATED: March 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE