IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-631-E-BN |
| | § | |
| SUNPATH, LTD., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lucas B. Horton filed this lawsuit *pro se* against Defendant SunPath, Ltd. in a state court in Dallas County, Texas, alleging violations of state law and a federal statute, the Telephone Consumer Protection Act. *See* Dkt. No. 1-3.

SunPath responded by simultaneously filing a Special Appearance, arguing that the state court lacked jurisdiction over it, and an Original Answer, Subject to Defendant's Special Appearance. *See* Dkt. No. 1-9; Dkt. No. 1-11. Horton replied to the personal jurisdiction arguments. *See* Dkt. No. 1-7; Dkt. No. 1-13. SunPath then removed Horton's state action to federal court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. *See* Dkt. No. 1.

United States District Judge Ada Brown referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court denied SunPath's motion to dismiss based on lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2) and 12(i). *See* Dkt. Nos.

29 & 30.

The Court then granted the unopposed supplemented motion by SunPath's counsel to withdraw. *See* Dkt. Nos. 33-36. Through its January 23, 2024 order, the Court also explained that,

> despite SunPath's cessation of business operations, it remains a defendant in this lawsuit.
> And, as a Delaware corporation, *see* Dkt. No. 35-1, it is "a fictional legal person" and may "only be represented by licensed counsel." *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982))); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").
> The Court therefore ORDERS SunPath to retain new counsel and direct their counsel to enter an appearance on the record by **February 23, 2024**.
> Should SunPath fail to timely do so, as ordered, it will risk being in default. That is, while "the appropriate measure for a judge to take when confronted with an unrepresented corporation [or limited liability company] is inherently discretionary," *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004), when a corporation or limited liability company declines or fails to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant, *see Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel).
> Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore

> in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Dkt. No. 36 at 2-3.

It is now past the court-ordered deadline for SunPath to retain new counsel and direct counsel to enter an appearance on the record. SunPath did not follow the Court's directive in the time allowed, has therefore prevented the prosecution of this case by being unrepresented by counsel, and may not continue to proceed unrepresented by counsel in this case. *Cf. JMC Constr. LP v. Modular Space Corp.*, No. 3:07-cv-1925-B, 2008 WL 4531819 (N.D. Tex. Oct. 8, 2008) (collecting authority for the proposition "that '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations'"; observing that, "[w]hile it is true that Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent to defend against all of Plaintiff's claims"; and denying motion for entry of default judgment (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); citations omitted)).

The undersigned has considered the imposition of alternate sanctions short of striking SunPath's defenses and entering default. And, considering all the circumstances, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

So, while the Court should now strike SunPath's defenses and enter default, it

is not proper at this time to grant Horton's pending motions for default judgment [Dkt. Nos. 39 & 40].

As to Horton's motions, the undersigned previously explained in an order vacating the Clerk's March 7, 2024 entry of default (at the request of Horton) that,

> [a]s the [January 23] order sets out, SunPath's failure to retain new counsel and direct that counsel to appear in this case "will risk [it] being in default." Dkt. No. 36 at 2. The Court's order did not authorize Horton to obtain default based on SunPath's failure to do so or its failure to follow the order.
>
> And, while "[a]n entity's failure to appoint counsel is akin to a failure to prosecute under Federal Rule of Civil Procedure 41(b) or a failure to 'otherwise defend' under Rule 55(a)," *MHD-Rockland Inc. v. Aerospace Distrib. Inc.*, 102 F. Supp. 3d 734, 737 (D. Md. 2015) (citations omitted), considering SunPath's substantial efforts to defend this lawsuit prior to the Court's allowing its counsel to withdraw, there is no other basis to enter default against SunPath.
>
> Add to this one other concern. The Court's review of the docket reflects the possibility that SunPath did not receive the order in question where it does not appear that the Clerk updated the docket to reflect the contact information for SunPath set out in the motion to withdraw. *Cf. Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) ("A defendant cannot default if he had no duty to answer the suit – and he need not answer until 'service has been perfected.'" (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008))).

*Horton v. SunPath, Ltd.*, No. 3:23-cv-631-E-BN, 2024 WL 991589, at *2 (N.D. Tex. Mar. 7, 2024) [Dkt. No. 40].

The Clerk has since updated the contact information for SunPath.

And for the reasons set out in the March 7 memorandum opinion and order, Horton's motions for default judgment should be denied without prejudice. And, if the Court accepts or adopts these findings, conclusions, and recommendations (as set out below), Horton will be directed to move for default judgment after the Clerk enters default against SunPath.

## Recommendation

The Court should (1) deny without prejudice Plaintiff Lucas B. Horton's motions for default judgment [Dkt. Nos. 39 & 40]; (2) order that Defendant SunPath, Ltd.'s Special Appearance [Dkt. No. 1-9] and Original Answer, Subject to Defendant's Special Appearance [Dkt. No. 1-11] be stricken; (3) order that SunPath is in default; (4) direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against SunPath; and (5) order that Horton move, by no later than a date 30 days from the date of entry of any order accepting or adopting this recommendation, for default judgment against SunPath for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 25, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE